**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 27 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SALVADOR CHAVEZ-CEJA,

    Defendant - Appellant.

No. 02-3347
(D.C. No. 01-CV-3214-JTM
and 97-CR-10080-01-JTM)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **HENRY** and **HARTZ**, Circuit Judges.

---

Salvador Chavez-Ceja was convicted of possession of methamphetamine
with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He was sentenced
to 210 months in prison; his conviction and sentence were upheld on direct
appeal. Chavez-Ceja then filed a motion to vacate, set aside or correct his
sentence pursuant to 28 U.S.C. § 2255. He argues that his conviction was

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

obtained in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because neither the indictment nor the judge's instructions to the jury made the amount of methamphetamine a specific element of the offense with which he was charged.[1]

The district court denied Chavez-Ceja's motion and denied his request for a Certificate of Appealability, finding that Chavez-Ceja had failed to make a substantial showing of the denial of a constitutional right. We AFFIRM the denial of a COA for substantially the reasons stated by the district court.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[1]Chavez-Ceja also argues that the district court improperly calculated his criminal history when sentencing him. (Aplt. Br. at 13-14.) Because he raises this argument for the first time on appeal, we consider it waived. <u>See</u> <u>Walker v. Mather</u> (<u>In re Walker</u>), 959 F.2d 894, 896 (10th Cir. 1992).